Case 1:07-cv-07032-RMB-KNF    Document 10    Filed 10/03/2007    Page 1 of 3



**MEMO ENDORSED**

C A D W A L A D E R                                    Cadwalader, Wickersham & Taft LLP

New York  London  Charlotte  Washington  Beijing

One World Financial Center, New York, NY 10281
Tel 212 504 6000  Fax 212 504 6666
www.cadwalader.com

October 2, 2007

---

We'll discuss on 10/18/07.

---

**SO ORDERED:**
Date: 10/3/07   *Richard M. Berman*

**Richard M. Berman, U.S.D.J.**

---

**VIA HAND DELIVERY**

The Honorable Richard M. Berman
United States District Judge
United States District Court for
 the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1312
(212) 805-6715

Re: Seaton Insurance Co., et al. v. Cavell USA, Inc, et al. Case No. 1:07-CV-07032 (RMB)

Dear Judge Berman:

We, together with Riker Danzig Scherer Hyland Perretti LLP, represent plaintiffs, Seaton Insurance Company and Stonewall Insurance Company (collectively, the "Companies"), in the above-referenced matter. We write to respond to the September 24, 2007 letter from defendants Cavell USA, Inc. ("Cavell") and Ken Randall ("Randall") requesting permission to file a motion to dismiss based upon the grounds of: (1) improper venue; (2) lack of subject matter jurisdiction; and (3) failure to state a claim upon which relief can be granted. Each branch of defendants' proposed motion is baseless and, for this reason, defendants' request to move to dismiss should be denied.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-03-07

USActive 10417302.3
**John F. Finnegan**  Tel 212 504 6910  Fax 212 504 6666  john.finnegan@cwt.com

# CADWALADER

The Honorable Richard M. Berman

October 2, 2007

The Forum Selection Clause In The Term Sheet Does Not Divest
This Court of Jurisdiction Over The Companies' Fraud Claims

Defendants' venue and jurisdictional arguments are both predicated on a forum selection clause contained in a term sheet (the "Term Sheet") between the parties. (A copy of the Term Sheet is attached to the Complaint as Exhibit 3.) The flaw with defendants' argument is that the claims asserted against them in the Complaint have nothing whatsoever to do with the Term Sheet. The Companies are not seeking relief for breach of the Term Sheet, which (as provided in the Term Sheet) would be subject to English law and the exclusive jurisdiction of the English courts. Rather, the Companies' claims against the defendants sound in fraud, which claims are explicitly carved out from the ambit of the Term Sheet.

Myriad Factual Issues Doom Defendants' Argument
That The Complaint Fails to State a Claim

Defendants' argument that the Complaint fails to state a claim upon which relief can be granted is based upon the unsupported -- and insupportable -- notion that Cavell had an unfettered right to subdelegate its entire claim handling functions to National Indemnity Company, the Companies' reinsurer, whose interests were often adverse to the Companies. The contract language that defendants themselves cite proves the futility of defendants' position. According to defendants, under the Claim Administration Agreements between Cavell and the Companies, Cavell could subdelegate "such functions that it deem[ed] necessary for the performance of its

# CADWALADER

The Honorable Richard M. Berman

October 2, 2007

obligations under [those] Agreement[s]."[1] Thus, at a minimum, a factual issue will exist as to whether Cavell's wholesale subdelegation of its core function under the Claim Administration Agreements – to wit, the administration of claims -- was truly "necessary" or was ever genuinely considered by the parties. This factual issue -- and still others that we do not address here for brevity's sake -- render a motion to dismiss pointless.

<p style="text-align:center">*    *    *</p>

We look forward to discussing defendants' proposed motion in further detail with Your Honor at the October 18, 2007 conference. Then, as now, we will ask the Court to urge defendants not to make the motion, as it cannot succeed.

Respectfully,

John F. Finnegan

cc: Shawn L. Kelly, Esq.
Lawrence I. Brandes, Esq.
Vincent J. Vitkowsky, Esq. (By Email and Hand Delivery)
Robert W. DiUbaldo, Esq. (By Email and Hand Delivery)

---

[1] Paragraph 8.1 of the Claim Administration Agreements provides in full:

> Neither party shall assign or deal in any similar manner with any of their rights or obligations of this Agreement without the prior written consent of the other, such consent not to be unreasonably withheld or delayed, provided that, subject to clause 10.2, Eastgate [later renamed Cavell] shall the authority to delegate to any person such functions as it deems necessary for the performance of its obligations under this Agreement. (See Complaint, Exhs. 2&3, ¶ 8.1).