# CADWALADER

**MEMO ENDORSED**
P3

Cadwalader, Wickersham & Taft LLP
New York London Charlotte Washington Beijing

One World Financial Center, New York, NY 10281
Tel 212 504 6000  Fax 212 504 6666
www.cadwalader.com

December 7, 2007

**BY HAND**

Hon. Richard M. Berman, U.S.D.J.
United States District Court
500 Pearl Street, Room 650
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/2007

RECEIVED
DEC 07 2007
CHAMBERS OF
RICHARD M BERMAN

Re:  Seaton Insurance Company, et al. v. Cavell USA Inc., et al.
     Case No. 07-CV-7032 (RMB) (KNF)

Dear Judge Berman:

Along with Riker Danzig Scherer Hyland & Perretti LLP, we represent plaintiffs Seaton Insurance Company and Stonewall Insurance Company (collectively, "Plaintiffs") in the above-referenced matter. On Plaintiffs' behalf, we request Your Honor's permission to file a motion to strike portions of the recent reply brief filed by defendants Cavell USA Inc., f/k/a Ken Randall America, Inc., f/k/a Eastgate, Inc. ("Cavell") and Ken Randall (collectively, "Defendants") on grounds that the reply brief raises a new argument not previously addressed in Defendants' opening brief or pre-motion letter to the Court, and to request that the Court schedule a pre-motion conference in connection with this letter. The basis for our anticipated motion is set forth below.

By letter dated September 24, 2007, Defendants requested permission to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6) based upon the following two grounds: (1) that the forum selection clause in a previously executed Term Sheet requires an English Court to decide any disputes between the parties; and (2) that the Companies could not assert a cognizable claim for fraud because two Administration Agreements between the parties, in

# CADWALADER

Hon. Richard M. Berman, U.S.D.J.
December 7, 2007

addition to certain reinsurance agreements between National Indemnity Company ("NICO") and Plaintiffs, authorized Cavell to transfer responsibility for Plaintiffs' claims to NICO.

Subsequently, on October 18, 2007, the Court held a pre-motion conference. Relying upon Defendants' September 24, 2007 letter, as well as statements made at the conference, we advised Your Honor, in response to Your Honor's inquiry, that Plaintiffs would not need to file an amended Complaint prior to the service of Defendants' motion to dismiss. One day later, on October 19, 2007, Defendants filed their opening memorandum of law in support of their motion to dismiss, which sought dismissal of the Complaint based upon the two narrow grounds set forth in their September 24, 2007 letter to the Court.

After receiving Defendants' opening brief, we, on Plaintiffs' behalf, filed opposition papers with the Court on November 21, 2007 which specifically responded to the two grounds for dismissal argued by Defendants in their September 24, 2007 letter and opening brief dated October 19, 2007. Subsequently, on November 30, 2007, Defendants filed their reply brief. As in their prior submissions, Defendants again advanced the same two arguments. However, Defendants also advanced an entirely new argument in their reply brief which was not in any way responsive to Plaintiffs' opposition brief. Specifically, Defendants argued that Plaintiffs had failed to file a well pleaded claim for fraud meeting the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. The reply brief provides no explanation as to why Defendants waited until the reply brief before raising this new argument.

Because Defendants have raised an entirely new argument in their reply brief, the Court should strike the new argument, or, alternatively, grant Plaintiffs leave to file a surreply brief.

# CADWALADER

Hon. Richard M. Berman, U.S.D.J.
December 7, 2007

This Court has repeatedly held that the practice of raising new arguments in a reply brief is improper and that such arguments should not be considered.[1] Moreover, Defendants' late assertion of a Rule 9(b) argument in their reply brief has the potential to substantially prejudice Plaintiffs. At the time of the October 18 conference, Plaintiffs could amend their Complaint as a matter of right. Today, they may not. And the only reason Plaintiffs relinquished their entitlement to amend is because beforehand no challenge was made to the sufficiency of the Complaint. It would be inappropriate and prejudicial to whipsaw Plaintiffs. For all these reasons, we respectfully request that Your Honor grant Plaintiffs leave to file a motion to strike the new argument in Defendants' reply brief, and to schedule a pre-motion conference in connection with this letter.

Respectfully,

*[signature]*

Mary M. Teague

MMT

cc:   Vincent Vitkowsky, Esq. (By Hand Delivery)
      Ira G. Greenberg, Esq. (By Hand Delivery)
      Shawn L. Kelly, Esq.
      John F. Finnegan, Esq.
      Richard M. Appel, Esq.

*[Handwritten note:]* Pl. may amend complaint (+ serve + file) by 12/21/07. Pending motion to dismiss is denied as moot.

SO ORDERED:
*[signature]* Richard M. Berman
12/10/07   Richard M. Berman, U.S.D.J.

---

[1] See, e.g., Playboy Enters., Inc. v. Dumas, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997); In re Adelphia Communications Corp. Sec. and Derivative Litig., 398 F. Supp. 2d 244, 250 (S.D.N.Y. 2005); U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc., No. 04 Civ. 1233DLC, 2005 WL 2230454, *1 (S.D.N.Y. Sept. 12, 2005); U.S. Underwriters Ins. Co. v. Falcon Constr. Corp., No. 02 Civ. 4182(CSH), 2006 WL 3146422, *3 (S.D.N.Y. Oct. 30, 2006); Cedar Swamp Holdings, Inc. v. Zaman, 472 F. Supp. 2d 591, 597 (S.D.N.Y. 2007).