# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY 10022  212.308.4411  *fax* 212.308.4844   eapdlaw.com

Ira G. Greenberg
212.912.2756
*fax* 888.325.9157
igreenberg@eapdlaw.com

RECEIVED
DEC 12 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

MEMO ENDORSED

December 11, 2007

Application to vacate respectfully denied. Let us discuss at a conference on 12/21/07 (a) 10:00 AM

SO ORDERED:
Date: 12/14/07
Richard M. Berman, U.S.D.J.

**VIA FEDERAL EXPRESS**

The Honorable Richard M. Berman
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1312
(212) 805-6715

Re:  **Seaton Insurance Co., et al. v. Cavell USA, Inc., et al.**
     **Case No. 1:07-CV-07032 (RMB) (KNF)**

Dear Judge Berman:

We are attorneys for defendants Cavell USA Inc. f/k/a Ken Randall America, Inc. f/k/a Eastgate, Inc. and Ken Randall, individually.

We refer to the Court's memorandum endorsement to the letter of Mary M. Teague dated December 7, 2007 on behalf of plaintiffs Seaton Insurance Company and Stonewall Insurance Company seeking leave to move to strike references to rule 9(b) in our reply brief on our pending motion to dismiss. The Court, apparently accepting the premise that defendants Cavell USA Inc. and Ken Randall were pressing a motion to dismiss based on rule 9(b), <u>sua sponte</u> granted Seaton and Stonewall leave to amend their complaint and deemed Cavell's and Mr. Randall's motion to dismiss to be moot.

As we explained in our letter of yesterday, a copy of which is attached, in response to Ms. Teague's letter, Cavell and Mr. Randall did not move to dismiss pursuant to rule 9(b). There is thus no reason why Seaton and Stonewall should have to amend.

Cavell and Mr. Randall have proceeded in this way, and now ask the Court to vacate the memorandum endorsement, because they believe that the proper forum for this dispute is England.

The pending motion seeks to dismiss this action first, because of an English forum selection clause, and then, in the alternative, for failure to state a claim. This motion is now fully briefed. Although the Court had originally directed it be briefed by December 31, 2007, the parties accelerated the briefing schedule so that the last brief was filed on November 30, 2007.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2007

NYC_288522_1

# Edwards Angell Palmer & Dodge LLP

750 Lexington Avenue  New York, NY  10022   212.308.4411   *fax* 212.308.4844   eapdlaw.com

Hon. Richard M. Berman
December 11, 2007
Page 2

      This Court has ordered that discovery be completed by February 18, 2008. The parties are working diligently. They have already exchanged and discussed each parties' objections and responses to the others' discovery requests, and have held a meet-and-confer and several telephone conferences. It is expected that discovery will entail hundreds of thousands of pages of documents, so even with both parties using their best efforts, document production will go into early January. Depositions would then need to take place. The parties have worked to narrow witness lists, but currently contemplate that at least 14 depositions will take place, not including experts.

      As is apparent, the expense of discovery will be very high, certainly higher than if this matter were to proceed in the English courts, which defendants believe is the proper forum. If this Court were to reach a decision on at least that portion of the pending motion to dismiss which relates to forum within the next several weeks, many of these expenses might be avoided.

      For these reasons, the preparation and filing of a new complaint, followed by the rebriefing of the motion to dismiss, would prejudice Cavell's and Mr. Randall's interests.

      If the memorandum endorsement is not vacated, we would request that the Court extend the discovery schedule to a time period that would follow the determination of the motion as ultimately filed.

Respectfully,

Ira G. Greenberg

Enclosure

cc: Mary M. Teague, Esq. (*via e-mail*)
    Shawn L. Kelly, Esq. (*via e-mail*)
    Lawrence I. Brandes, Esq. (*via e-mail*)
    John F. Finnegan, Esq. (*via e-mail*)
    Ira G. Greenberg, Esq. (*via e-mail*)
    Robert W. DiUbaldo, Esq. (*via e-mail*)