Vincent J. Vitkowsky
Ira G. Greenberg
Robert W. DiUbaldo
EDWARDS ANGELL PALMER &
   DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEATON INSURANCE COMPANY AND STONEWALL INSURANCE COMPANY,<br><br>   Plaintiffs,<br><br>versus<br><br>CAVELL USA INC. f/k/a KEN RANDALL AMERICA, INC. f/k/a EASTGATE, INC. and KEN RANDALL, individually.<br><br>   Defendants. | No. 1:07-CV-07032 (RMB) (KNF)<br><br>DECLARATION OF ROBERT W. DIUBALDO IN SUPPORT OF MOTION TO DISMISS |

STATE OF NEW YORK   )
                                : ss.:
COUNTY OF NEW YORK )

      ROBERT W. DIUBALDO declares as follows:

      1.    I am a member of the bar of this Court and of the firm of Edwards Angell Palmer & Dodge LLP, attorneys for defendants Cavell USA Inc. and Kenneth Randall. I make this declaration in support of defendants' motion to dismiss.

      2.    Annexed as exhibit J is a true and correct copy of a draft "Heads of Terms" dated October 1997 bearing the Bates range of BURNS 00549-00558. Plaintiffs'

- 2 -

counsel has confirmed that this is the document referred to initially in ¶ 23 of plaintiffs' first amended complaint and thereafter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 4th day of January, 2008.

_____
ROBERT W. DIUBALDO

**EXHIBIT J**



# EASTGATE

| | | | |
|---|---|---|---|
| To | : | ROBERT HAMWEE | |
| Company | : | GREENWICH STREET CAPITAL PARTNERS INC. | |
| Fax number | : | 001 212 816 0166 | |
| From | : | ROBERT BARCLAY | |
| Date | : | 21 OCTOBER 1997 | |
| Total number of pages sent (including header sheet) : | | 9 | |
| Subject | : | UNIGARD | |

Facsimile Header Sheet

Please reply to Fax Number :
0171 397 4531

Eastgate House
40 Dukes Place
London EC3A 7LP

Tel 0171 204 1000
Fax 0171 397 4531

Message

Dear Rob,

Please find attached copy letter I have today sent to Berkshire Hathaway.

Regards,

Robert Barclay

Advisors to:

Dukes Place Holdings L.P.
An exempt Limited
Partnership domiciled in
Bermuda.

Address:

Clarendon House,
2 Church Street,
Hamilton,
HM CX,
Bermuda.

**Confidential**
Burns-00549

This transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.

If you are not the intended recipient or employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication and its attachments is strictly prohibited. If you have received this communication in error, please notify us by telephone, and

Eastgate Group Limited
Registered Office
Eastgate House
40 Dukes Place
London EC3A 7LP
Registered in England

 

EASTGATE

Mr A. Jain,
President,
Berkshire Hathaway Group of Insurance Companies,
Reinsurance Division,
100 First Stamford Place,
Stamford,
Connecticut 06902,
USA.

Eastgate Insurance
Services

Eastgate House
40 Dukes Place
London EC3A 7LP

*telephone:* 0171 204 1000
*facsimile:* 0171 397 4588
DX: 800 CDE LONDON

Direct Fax: 0171 397 4531

Our ref: RLB/wa/BHGIC

21 October 1997

Dear Ajit,

**UNIGARD**

Further to the meeting between Ken Randall, Stephen Bailey and John Hancock representatives and your telephone conversations, I confirm that Dukes Place Holdings L.P. and the Eastgate Group wish to proceed with the acquisition of Unigard and the purchase of a reinsurance of its liabilities from Berkshire Hathaway. I therefore enclose the following for your attention:

1. Heads of Terms for the transaction to be signed by Hancock, Dukes Place, Berkshire Hathaway and Eastgate - four copies prepared for signature, one to be retained by each of the parties. Whilst this transaction is, obviously "subject to contract", nonetheless we believe it appropriate that each party should demonstrate commitment to its realisation on the basis discussed and agreed in principle. In particular, before incurring significant due diligence and legal costs, we should wish to have these Heads of Terms agreed. Please confirm your willingness to proceed on this basis.

2. The Annual Statement of Unigard filed with the Insurance Department of the State of Washington for the year ended December 31, 1996.

3. The audited Financial Statements of Unigard for the years ended December 31, 1996 and 1995.

4. The audited Financial Statements of John Hancock Insurance Company of Bermuda Ltd for the years ended December 31, 1996 and 1995.

Confidential
Burns-00550

Eastgate Insurance Services Limited
An Eastgate Group company

Advisers to: Dukes Place Holdings L.P.
*An Exempt Limited Partnership domiciled in Bermuda.*



5. The Unigard Reinsurance Assumed Loss Reserve Review as of December 31, 1996 : Final Report March 24 1997 prepared by Ernst & Young.

6. The Unigard Reinsurance Assumed Loss Reserve Review as of December 31, 1994 : Final Report February 7, 1995 prepared by Ernst & Young.

7. A letter dated February 3, 1997 from John Hancock to Tillinghast Towers Perrin confirming reserves carried in respect of the Unigard Allen Miller-FASR account.

The documentation referred to in points 2 to 7 will allow you to commence your evaluation of the liabilities to be assumed by Berkshire Hathaway under the reinsurance. This documentation, to the extent it is not in the public domain, must be held confidential pursuant to the existing Confidentiality Agreement you entered into with John Hancock.

Michael Studley of John Hancock has seen and approved the issue of this letter and the Heads of Terms enclosed for signature.

I look forward to confirmation of your willingness to proceed on this basis and to return of the signed copies of the Heads of Terms which will then be counter-signed on behalf of Dukes Place, Eastgate and Hancock and one completed copy returned to you. Please telephone me if you have any queries.

Yours sincerely,

ROBERT BARCLAY

Enc.

Confidential
Burns-00551

UNIGARD SECURITY INSURANCE COMPANY ("UNIGARD")

HEADS OF TERMS FOR SALE AND PURCHASE : SUBJECT TO CONTRACT

The Parties

| | |
|---|---|
| Vendor: | John Hancock P&C Holding Company |
| Purchaser: | Dukes Place Holdings L.P. |
| Reinsurer: | Berkshire Hathaway Group |
| Manager: | Eastgate Holdings Inc. |

These Heads of Terms are based upon financial data which has been extracted from the Annual Statement of Unigard for the year ended December 31, 1996 and filed with the State of Washington and from the audited financial statements of Unigard and John Hancock Insurance Company of Bermuda Ltd for the year ended December 31, 1996. Based upon this financial data, the parties have agreed as follows:

First    The stop-loss reinsurance of Unigard by John Hancock Insurance Company of Bermuda Ltd ("JHB") will be commuted for the full value of the reserve carried in the accounts of JHB of $137 million.

Second   The Reinsurer will underwrite a reinsurance of Unigard whereby the insurance and reinsurance liabilities of Unigard which are due for payment by Unigard at the date of completion of this transaction, or which become due for payment thereafter, shall be reinsured in full up to a maximum of $300 million. For this reinsurance, the reinsurer will receive an estimated single premium payment of $175 million at completion. In calculating its liabilities to Unigard, under this reinsurance, the Reinsurer will be credited with any reinsurance recoveries made by Unigard under any existing contracts of reinsurance in force for the benefit of Unigard.

Third    Application will be made by the Vendor to the Insurance Commissioner of the State of Washington for a reduction in the capital surplus of Unigard of $60 million to be paid to the Vendor by Unigard in compliance with all necessary legal requirements for capital reduction.

Confidential
Burns-00552

UNIGARD SECURITY INSURANCE COMPANY ("UNIGARD")

HEADS OF TERMS FOR SALE AND PURCHASE : SUBJECT TO CONTRACT

| | |
|---|---|
| Fourth | The Purchaser will purchase the entire issued stock of Unigard (after the capital reduction referred to above) from the Vendor for $40 million to be paid partly as cash and partly by way of loan note. |
| Fifth | The Manager will assume from the Vendor the following: |

- Employment of all staff designated by the Vendor and currently employed by the Vendor upon the management of Unigard at the Vendor's premises in Boston, and for so long as necessary, at the premises of Unigard in Seattle; and
- A lease for a period up to its expiration on 31st October 1999 upon the office premises currently occupied by the staff referred to above upon terms whereby all costs to the Vendor relating to such office premises are recouped by the Vendor from the Manager; and
- All other assets of the Vendor specifically allocated to the day-to-day management of Unigard and utilised by the staff referred to above including any computer hardware and software (with rights to use the same). Such assets shall be transferred to the Manager at book value.

| | |
|---|---|
| Sixth | The Manager shall be appointed by the Purchaser to be responsible for the day-to-day management of Unigard from acquisition, including the management, settlement and run-off of the liabilities of Unigard. In this connection, however, prior to completion of this transaction the Purchaser and the Reinsurer shall agree upon a strategy for the management and settlement of the liabilities with the objective of their settlement at the lowest cost of indemnity in the shortest timeframe. The Purchaser will procure that the Manager use its endeavours to implement this strategy and will provide monthly reports on performance to the Reinsurer. This strategy will be updated annually. |

Confidential
Burns-00553

UNIGARD SECURITY INSURANCE COMPANY ("UNIGARD")

HEADS OF TERMS FOR SALE AND PURCHASE : SUBJECT TO CONTRACT

Seventh   As the staff employed by the Vendor upon the management of Unigard at the Vendor's premises in Boston are also employed on the management, and run-off of the liabilities, of insurance and reinsurance business of John Hancock Property & Casualty Company, then the Manager shall commit to assume responsibility for this run-off in accordance with the directions of the Vendor upon appropriate terms and conditions to be agreed by the Vendor and the Manager.

Eighth   In recognition of the fact that the Purchaser and the Reinsurer shall incur significant due diligence and legal costs in proceeding with this transaction, the Purchaser and the Reinsurer hereby agree as follows:

- That the Purchaser shall not proceed with this transaction with any third party reinsurer unless and until either it becomes apparent that agreement cannot be reached upon the terms of the reinsurance of Unigard including in particular the premium to be paid by Unigard, or the Reinsurer elects to withdraw from this transaction;
- That the Reinsurer shall not enter into an agreement to reinsure the liabilities of Unigard except as part of a transaction whereby the Purchaser acquires the stock of Unigard.

Each of the above eight factors are integral to this transaction which is conditional upon:

1. Completion of all necessary due diligence to be carried out by the Purchaser and the Reinsurer to their satisfaction;

2. Consent of the Insurance Commissioner of the State of Washington to the capital reduction, reinsurance and transfer of ownership;

Confidential
Burns-00554

UNIGARD SECURITY INSURANCE COMPANY ("UNIGARD")

HEADS OF TERMS FOR SALE AND PURCHASE : SUBJECT TO CONTRACT

3. Customary legal, financial and tax warranties to be given by the Vendor to the Purchaser. No warranties as to the reserves representing the insurance and reinsurance liabilities of Unigard will be given;

4. The execution of the following agreements:

   4.1. A commutation agreement between Unigard and JHB;

   4.2. A reinsurance agreement between the Vendor and the Purchaser;

   4.3 A sale and purchase agreement between the Vendor and the Purchaser;

   4.4 A transfer agreement between the Vendor and the Purchaser to cover employment of staff, lease of office accommodation and other assets;

   4.5 A management agreement for the day-to-day operation of Unigard and run-off of its liabilities by the Manager, between the Purchaser, Unigard and the Manager and to be ratified by the Reinsurer.

   4.6 A management agreement for the run-off of the insurance and reinsurance liabilities of John Hancock Property & Casualty Company between the Vendor and the Manager.

Confidential
Burns-00555

UNIGARD SECURITY INSURANCE COMPANY ("UNIGARD")

HEADS OF TERMS FOR SALE AND PURCHASE : SUBJECT TO CONTRACT

It is proposed that the parties to this transaction adopt the following timetable:

**1997**

| | |
|---|---|
| 31 October | : Signature of Heads of Terms |
| 31 October - 31 December | : Evaluation of Unigard liabilities and reserves by the Reinsurers |
| | : Financial accounting, tax and legal due diligence by the Purchaser |
| | : Preparation of a submission to the Insurance Commissioner of the State of Washington for capital reduction of Unigard and sale to the Purchaser |

**1998**

| | |
|---|---|
| 1 January - 31 January | : Submission of capital reduction and sale proposals and discussions with Washington Insurance Commissioner |
| | : Drafting of the agreements referred to in 4.1 to 4.6 above |
| | : Negotiations of Agreements and exchange of contracts, completion being conditional upon approvals of Washington Insurance Commissioner |
| 31 March | : Completion |

These Heads of Terms for the sale, purchase, reinsurance and management of Unigard, with the exception of the restrictions set out in the "Eighth" paragraph set out above which shall be binding upon the Purchaser and the Reinsurer, represent the intent of the parties and are subject to agreement by the parties upon terms for their implementation.

John Hancock P&C Holding Company

Signed: ...............................................

Dated: ...............................................

Confidential
Burns-00556

UNIGARD SECURITY INSURANCE COMPANY ("UNIGARD")

HEADS OF TERMS FOR SALE AND PURCHASE : SUBJECT TO CONTRACT

Dukes Place Holdings L.P.

Signed: ..........................................

Dated: ..........................................

Berkshire Hathaway Group of Companies

Signed: ..........................................

Dated: ..........................................

Eastgate Holdings Inc.

Signed: ..........................................

Dated: ..........................................

Confidential
Burns-00557

```
21/10 '97 TUE 17:29 FAX 01717022308                                    ☒001

                        *************************
                        ***    TX REPORT      ***
                        *************************

        TRANSMISSION OK

        TX/RX NO              4589
        CONNECTION TEL                90012128160166
        SUBADDRESS
        CONNECTION ID
        ST. TIME              21/10 17:28
        USAGE T               01'05
        PGS.                  9
        RESULT                OK
```

Confidential
Burns-00558