UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SEATON INSURANCE COMPANY and STONEWALL
INSURANCE COMPANY,

                          Plaintiffs,

              -against-

CAVELL USA INC. f/k/a KEN RANDALL AMERICA, INC.
f/k/a EASTGATE, INC. and KEN RANDALL, individually,

                      Defendants.

Civil Action No. 07:CV07032

(RMB)(KNF)

**PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281
(212) 504-6000

*Attorneys for Plaintiffs, Seaton Insurance Company*
*and Stonewall Insurance Company*

Dated:     January 11, 2008

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

ARGUMENT ...................................................................................................................... 1

    A.    Defendants' Misrepresentations Regarding Present Intent................................. 1

    B.    Defendants' Fraudulent Statements Were Material ............................................. 2

    C.    Reliance Is Not Properly Before The Court......................................................... 3

    D.    Plaintiffs' Reliance Was Reasonable And Justifiable ......................................... 4

CONCLUSION ................................................................................................................... 6

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES:

Cedar Swamp Holdings, Inc. v. Zaman,
   472 F. Supp. 2d 591 (S.D.N.Y. 2007) ................................................................. 3

Contemporary Mission, Inc. v. Famous Music Corp.,
   557 F.2d 918 (2d Cir. 1977) ............................................................................... 4

Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc.,
   502 N.E.2d 1003 (N.Y. 1986) ............................................................................ 1

Diduck v. Kaszycki & Sons Contractors, Inc.,
   974 F.2d 270 (2d Cir. 1992) ............................................................................... 5

First Bank of Ams. v. Motor Car Funding, Inc.,
   690 N.Y.S.2d 17 (1st Dep't 1999) ...................................................................... 2

Ganino v. Citizens Utils. Co.,
   228 F.3d 154 (2d Cir. 2000) ............................................................................... 2

Greenberg v. Chrust,
   198 F. Supp. 2d 578 (S.D.N.Y. 2002) ............................................................. 1-2

Hotel Constructors, Inc. v. Seagrave Corp.,
   574 F. Supp. 384 (S.D.N.Y. 1983) .................................................................. 3-4

In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.,
   398 F. Supp. 2d 244 (S.D.N.Y. 2005) ............................................................... 3

Knight Sec. L.P. v. Fiduciary Trust Co.,
   77 N.Y.S.2d 488 (1st Dep't 2004) ...................................................................... 3

Merrill Lynch & Co. v. Allegheny Energy, Inc.,
   500 F.3d 171 (2d Cir. 2007) ............................................................................... 1

Powers v. Ostreicher,
   824 F. Supp. 372 (S.D.N.Y. 1993) ..................................................................... 5

Solutia Inc. v. FMC Corp.,
   385 F. Supp. 2d 324 (S.D.N.Y. 2005) ............................................................... 1

Ultramares Corp. v. Touche,
   174 N.E. 441 (N.Y. 1931) ................................................................................... 5

## STATUTES & OTHER AUTHORITIES:

Restatement (Second) of Torts § 533 cmt. g. (1977) ................................................................ 5

Defendants present flawed arguments related to the nature and materiality of their misrepresentations and nondisclosures, as well as the justifiability of Plaintiffs' reliance. None of Defendants' attacks on the efficacy of Plaintiffs' fraud claim warrant dismissal of the claim.

## ARGUMENT

### A.    Defendants' Misrepresentations Regarding Present Intent

Defendants' contention that their representations were prospective in nature and cannot form the basis of a fraud claim is misguided. Many of their representations consisted of promises made with the preconceived intent not to perform them. New York law recognizes that such statements constitute fraudulent misrepresentations. See Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 184 (2d Cir. 2007) ("New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement"); Solutia Inc. v. FMC Corp., 385 F. Supp. 2d 324, 342 (S.D.N.Y. 2005) ("a misrepresentation concerning present facts states an independent claim of fraud").

One example should suffice to demonstrate that defendants misrepresentations are actionable. Prior to the execution of the Stonewall Administration Agreement, Randall and Cavell represented to Stonewall that Cavell would perform claims handling services. Randall and Cavell, however, knew then that Cavell would never provide these services. Cavell had already entered into an oral pre-funding agreement with NICO that had the effect of transferring control over Stonewall's claims to NICO. This misrepresentation constitutes an actionable fraudulent statement. See Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc., 502 N.E.2d 1003, 1004 (N.Y. 1986) ("'a promise . . . made with a preconceived and undisclosed intention of not performing it . . . constitutes misrepresentation'") (citation omitted); Greenberg v. Chrust,

198 F. Supp. 2d 578, 583 (S.D.N.Y. 2002) ("the failure to perform future acts [here, claims handling] can serve as a basis for a fraud claim where [as alleged in the Amended Complaint] there 'existed an intent not to perform at the time the promise was made'") (citation omitted).

Where, as here, the gravaman of the complaint is that Plaintiffs would not have entered into (and would not have extended) particular contracts because the Defendants misrepresented the nature of the services that they would provide (and were providing), the plaintiffs state a claim for fraud even though the same allegations might also give rise to a breach of contract claim. E.g., First Bank of Ams. v. Motor Car Funding, Inc., 690 N.Y.S.2d 17, 21 (1st Dep't 1999)[1] ("if a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud").

**B.    Defendants' Fraudulent Statements Were Material**

Defendants' materiality argument presents a mixed question of law and fact. This issue should not be resolved in the context of a motion to dismiss unless the "'misstatements or omissions . . . are so obviously unimportant . . . that reasonable minds could not differ on the question of their importance.'" Ganino v. Citizens Utils. Co., 228 F.3d 154, 162 (2d Cir. 2000). (citation omitted). Here, the Plaintiffs would not have entered into the Administration Agreements and, still later, would not have extended those Agreements' terms but for Cavell's misrepresentations. See, e.g., Complaint ¶¶ 29, 44 & 59. As such, Defendants' omissions and misstatements are fundamentally – and self-evidentially – important and material.

---

[1]    Another flaw in Defendants' argument is that still other of their misrepresentations do not relate to future performance but to past performance, including ¶ 56 (Cavell falsely stated that it resolved claims prior to NICO's review and approval) and ¶ 57 (Cavell falsely stated in quarterly reports that there had been no significant change in management structure). Plaintiffs respectfully refer the Court to the Amended Complaint for a fuller litany of the many misrepresentations and nondisclosures of material fact made by Defendants.

Moreover, the Defendants' materiality argument is logically flawed and ignores the crux of Plaintiffs' claim. Defendants assert that because they remained "on the hook" for their contractual obligations, their misrepresentations were immaterial. But the gravamen of Plaintiffs' Amended Complaint is that Plaintiffs would not have entered into <u>any</u> contractual relationship with Cavell but for Cavell's and Randall's fraudulent statements. Defendants' argument thus begs the question in that it attempts to extinguish the effect of Cavell's fraudulent statements by relying on legal principles that arise out of the very contractual relationship which never would have existed but for such fraudulent statements.

## C.    <u>Reliance Is Not Properly Before The Court</u>

Defendants did not make any argument concerning reasonable reliance in their initial brief and they should not be permitted to do so now. Plaintiffs urge this Court to disregard the Defendants' new argument as it is not properly before the Court. <u>See, e.g., In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.</u>, 398 F. Supp. 2d 244, 250 n.6 (S.D.N.Y. 2005) ("'[r]eply papers are not the proper place for new arguments or requests for relief'") (citation omitted); <u>Cedar Swamp Holdings, Inc. v. Zaman</u>, 472 F. Supp. 2d 591, 597 (S.D.N.Y. 2007) (same).

Assuming the Court nevertheless entertains Defendants' new argument, the Court should give it short shrift. The question of reasonableness is generally a factual question, the resolution of which "'would be inappropriate at this early stage [on a motion to dismiss for failure to state a cause of action].'" <u>E.g., Knight Sec. L.P. v. Fiduciary Trust Co.</u>, 77 N.Y.S.2d 488, 489 (1st Dep't 2004) (citation omitted).

Similarly, Defendants' argument that Plaintiffs could (or should) have discovered the truth behind Defendants' misrepresentations must fail at this early stage in the proceeding. <u>See Hotel Constructors, Inc. v. Seagrave Corp.</u>, 574 F. Supp. 384, 390 (S.D.N.Y. 1983)

("[p]recisely what was known to plaintiffs and what conclusions they should have drawn from their knowledge are questions that cannot be resolved on the basis of the complaint alone").

**D.    Plaintiffs' Reliance Was Reasonable And Justifiable**

Defendants' contention that section 8.1 of the Administration Agreements precludes Plaintiffs from claiming reasonable reliance on Defendants' misrepresentations has no merit.  The argument presupposes, among other things, that the parties construe Section 8.1 in the same way, which they do not.  As explained in Plaintiffs' opposition papers (at 17-19), Section 8.1 is quite narrow and only permits Cavell to delegate "such functions" that are "necessary for the performance of [Cavell's] obligations."  Such a narrowly drawn provision does not permit Cavell to engage in the wholesale abdication of its core contractual obligations – especially to NICO, given NICO's interest in delaying payment of claims, which strongly implies that NICO's performance would vary materially from that of Cavell.  See Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 924 (2d Cir. 1977) ("most obligations can be delegated as long as performance by the delegate will not vary materially from performance by the delegant").

In short, Section 8.1 simply does not permit Cavell to delegate wholesale its claims servicing duties.  Consequently, the provision does not contradict or contravene in any way Randall's and Cavell's fraudulent promises to provide these services; nor does it excuse Cavell's repeated (albeit false) representations that it was providing these services.  Therefore, Seaton's and Stonewall's reliance on Cavell's promises was reasonable, even in light of Section 8.1 in the Administration Agreements.

Defendants also attempt to attack Plaintiffs' reliance by suggesting that (1) Alfred Eckert III and Robert Hamwee of Greenwich Street Capital Partners Inc. ("GSC") were the only addressees of Cavell's fraudulent representations, and (2) GSC is unrelated to Seaton and

Stonewall.  This argument fails because (1) the Amended Complaint alleges that Cavell also made fraudulent representations directly to Seaton and Stonewall, and (2) New York law recognizes that "'[r]eliance upon fraudulent representations by persons who are not the direct addressees thereof but who may be intended or expected to learn of and act upon such representations will found an action in fraud and deceit.'"  Powers v. Ostreicher, 824 F. Supp. 372, 376 (S.D.N.Y. 1993) (citation omitted); see also Diduck v. Kaszycki & Sons, Inc., 974 F.2d 270, 278 (2d Cir. 1992) ("[a]n actor intends a result where there is substantial certainty that the result will follow from his actions"); Ultramares Corp. v. Touche, 174 N.E. 441, 447 (N.Y. 1931) ("[a] representation, even though knowingly false, does not constitute ground for an action of deceit unless made with the intent to be communicated to the persons or class of persons who act upon it to their prejudice").

Cavell and GSC discussed the formation of a vehicle, Dukes Place Holdings, L.P. ("Dukes Place"), for the express purpose of acquiring reinsurance companies that would be managed exclusively by Cavell.  As such, Cavell and Randall had reason to expect that their representations to Eckert and Hamwee of GSC would be repeated to (and relied upon by) the reinsurance companies later acquired by Dukes Place, including Seaton and Stonewall.  See Restatement (Second) of Torts § 533 cmt. g. (1977) ("[i]t is enough that he intends or has reason to expect to have it repeated to a particular class of persons and that the person relying on it is one of that class").  Therefore, Plaintiffs' reliance on Defendants' statements to Eckert and Hamwee was reasonable, and is actionable.

## CONCLUSION

In sum, Plaintiffs' Amended Complaint sets forth allegations that sufficiently state a cause of action for fraud against Cavell and Randall.  Defendants have failed to present any legal argument, appropriate in the context of a motion to dismiss, that compels a contrary conclusion.  Therefore, Plaintiffs respectfully urge the Court to deny Defendants' motion to dismiss the Amended Complaint.

Dated:    New York, New York
          January 11, 2008

                                    CADWALADER, WICKERSHAM & TAFT LLP


                              By: _____/s/_____
                                      John F. Finnegan (JFF-3336)

                              One World Financial Center
                              New York, NY  10281
                              (212) 504-6000

                              Attorneys for Plaintiffs Seaton Insurance Company
                              and Stonewall Insurance Company

Of Counsel:

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
(973) 538-0800