# Edwards Angell Palmer & Dodge LLP

750 Lexington Avenue  New York, NY  10022  212.308.4411  fax 212.308.4844  eapdlaw.com

Ira G. Greenberg
212.912.2756
fax 888.325.9157
igreenberg@eapdlaw.com

**MEMO ENDORSED** p.2

February 1, 2008

**BY HAND**

Hon. Richard M. Berman
United States District Court
500 Pearl Street
New York, NY  10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/08

Re:   Seaton Ins. Co. v. Cavell USA Inc., No. 07 Civ. 07032 (RMB)

Dear Judge Berman:

As the Court has directed, we write in response to the letter of Lawrence Brandes seeking an anti-suit injunction against the defendants in this case maintaining an action in the English High Court of Justice.

The leading case in this Circuit is China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33 (2d Cir. 1987); see Karaha Bodas Co., L.L.C. v. Perushahaan Pertambangan Minyak Dan Gas Bumi Negara, 500 F.3d 111, 120 (2d Cir. 2007) (applied in this Circuit for twenty years).  Plaintiffs Seaton Insurance Company and Stonewall Insurance Company do not come close to meeting the China Trade standard.

Preliminarily, Seaton and Stonewall seem not to recognize the Court of Appeals' admonition that in parallel proceedings in personam actions ordinarily ought to be allowed to go forward, at least until one of the forums renders a judgment that can constitute res judicata in the other.  837 F.2d at 36.

With respect to the two preliminary standards, 837 F.2d at 36, though the parties are the same, the outcome of this case is not necessarily dispositive of the one in England.  If the Court grants the motion to dismiss, then the action in England would of course go forward.  Even if it does not, the English action is in part for breach of a contract (the so-called Term Sheet), and the bases for it will not necessarily be decided in this Court.  See Claim Form ¶ 3 (appended to Mr. Brandes' letter).

With respect to the five remaining standards, the Court of Appeals in China Trade instructed that, because "vexatiousness" [sic] will almost always be present when two actions are proceeding concurrently, reliance solely on that factor "tend[s] to undermine the policy that allows parallel proceedings to continue."  837 F.2d at 36.  Yet that is the only factor that Mr. Brandes' letter cites.  (In fact, there is no desire to vex here.  Rather, with no disrespect to this Court intended, Cavell and Mr. Randall believe that they are

EDWARDS ANGELL PALMER & DODGE LLP

Hon. Richard M. Berman
February 1, 2008
Page 2

legally entitled to, and would feel more comfortable in, the English courts.) A review of the other four factors, see id. at 35 (frustration of a forum policy, threat to in rem or quasi in rem jurisdiction, prejudice to other equitable considerations, and delay, inconsistency, or a race to judgment), demonstrates that none is present here. Mr. Brandes' musings about the reasons for the delay in service of the papers in the English proceeding are just wrong; in fact, the delay was occasioned by the agency through which service was effectuated under the Hague Convention.

The three cases that Seaton and Stonewall cite in no way detract from this analysis. American Home Assur. Co. v. Insurance Corp. of Ireland, Ltd., 603 F. Supp. 636 (S.D.N.Y. 1984), antedated the Court of Appeals decision in China Trade. Nagoya Venture Ltd. v. Bacopulos, 1998 WL 307079 (S.D.N.Y.), rested on the court's effectuation of its own order following all defendants' default. And Ibeto Petrochemical Indus. Ltd. v. M/T Beffen, 475 F.3d 56 (2d Cir. 2007), rested on the strong federal policy to enforce agreements to arbitrate, present there but totally absent here.

Respectfully,

*Ira G. Greenberg* (signature)

Ira G. Greenberg

cc: Lawrence I. Brandes, Esq. (via fax)

---

A CONFERENCE IS SCHEDULED FOR 2/8/08 AT 10:15 A.M.

SO ORDERED:
Date: 2/1/08

Richard M. Berman, U.S.D.J.

---

- 2 -

NYC_291879_1/IGREENBERG