**EXHIBIT G**

# CADWALADER

Cadwalader, Wickersham & Taft LLP
New York  London  Charlotte  Washington  Beijing

265 Strand, London, WC2R 1BH
Tel +44 (0) 20 7170 8700
Fax +44 (0) 20 7170 8600
DX: 238 (Chancery Lane)
www.cadwalader.com

15 February 2008

**VIA FACSIMILE 020 7947 6245**
Our Ref: MD/IPM/91804/91805/003          Your Ref: 2007 Folio 1566

The Admiralty and Commercial Registry
Room EB 13
Royal Courts of Justice
Strand
London
WC2A 2LL

Dear Sirs

**Cavell USA Inc and Anor v Seaton Insurance Company and Anor**

Introduction

We act for the Defendants in the above action. Acknowledgements of Service to this effect were filed on 31 January 2008, the Claim Form having been served on the Defendants in the United States on 10 January 2008 pursuant to an order of Flaux J of 20 November 2007.

The Acknowledgements of Service for each Defendant indicated an intention to contest the jurisdiction of the English court. Time for issue of an application notice seeking this relief started running on 31 January 2008 and is due to expire on 28 February 2008. The purpose of this letter is to seek a stay of the Claim or, alternatively, an extension of the time limit for the filing of an application to contest jurisdiction, until the determination of certain issues in parallel litigation (the "**New York Proceedings**") currently ongoing between the parties in the United States District Court for the Southern District of New York (the "**New York Court**"), as more fully described below. This application is made by letter in accordance with section F4.2 of the Commercial Court Guide and is being copied to the Solicitors for the Claimants, who oppose any stay or extension.

Ian McKim   Tel +44 (0) 20 7170 8766   Fax +44 (0) 20 7170 8600   Ian.mckim@cwt-uk.com

Cadwalader, Wickersham & Taft LLP is a registered limited liability partnership established under the laws of the State of New York. The personal liability of our partners is limited to the extent provided in such laws. Additional information is available upon request or at www.cadwalader.com. A list of our partners, who are Solicitors or Registered Foreign Lawyers in England and Wales, is available for inspection at the above address. Regulated by the Solicitors Regulation Authority.

USActive 11986107.2

CADWALADER

The Admiralty and Commercial Registry
15 February 2008

Documents

The Court File should contain the papers filed by the Claimants on their application to serve the Claim Form on the Defendants outside the jurisdiction, which included a Witness Statement from the Second Claimant (on behalf of both) and substantial exhibits. In addition, the Claim Form itself includes as an annex the **Complaint** filed in the New York Proceedings. For the avoidance of unnecessary duplication further copies of these documents are not attached to this letter, and we respectfully consider that the details necessary to determine this application are contained in this letter. We do, however, enclose copies of letters passing between the advisers to the parties in London and New York.

Background

The Defendants are insurance companies domiciled in the United States, in the state of Rhode Island. The Claimants, and certain affiliated entities, were retained to provide claims handling services to the Defendants under certain administration agreements. Both of the agreements in question contained a jurisdiction clause in favour of a New York forum. Disputes arose between the parties, including in relation to the administration agreements, and the parties sought to compromise all of their disputes by entering into a **Term Sheet** dated 22 February 2006. Amongst other things, the Term Sheet contained a release granted by the Defendants for the benefit of the Claimants, although the release did not extend to obligations under the Term Sheet itself or to fraudulent activity. The Term Sheet also included an exclusive jurisdiction clause in favour of the English court.

The New York Proceedings

The Defendants initiated the New York Proceedings against the Claimants in August 2007. In essence they claim that the Claimants defrauded them by failing to disclose that the

**CADWALADER**

The Admiralty and Commercial Registry
15 February 2008

Claimants had ceded their duties to the Defendants under the administration agreements to Defendants' reinsurer, whose interests where diametrically opposed to those of the Defendants. Among other things, the Defendants seek to recover the tens of millions of dollars they paid to their agents – including the Claimants – under false pretences.

The Claimants filed a **Motion to Dismiss** the Complaint on 19 October 2007. They relied on two grounds: first, lack of jurisdiction by virtue of the jurisdiction clause in the Term Sheet; and second, failure to state a claim.

The Defendants' opposed the Motion to Dismiss, arguing that the jurisdiction clause in the Term Sheet does not encompass fraud claims, such as those alleged in the New York Proceedings. The New York Proceedings were therefore properly brought in the New York Court. The Defendants also argued that the Complaints stated valid claims.[1]

The parties filed all of the submissions required by the New York Court by 11 January 2008, in accordance with normal procedure. The New York Court has not yet handed down a decision on the Motion to Dismiss. In the interim, however, the parties have carried out substantial work on documentary disclosure and witness depositions, in accordance with the New York Court's directive to do so.

Finally, by letter dated 29 January 2008, the Defendants asked the New York Court for permission to file a motion to enjoin the Claimants from proceeding with this action during the pendency of the New York proceedings. By letter dated 1 February 2008, the Claimants advised the New York Court that they do not believe such an injunction would be proper and that they will oppose such a motion if it is made. The New York Court has scheduled a pre-motion conference for 21 February 2008.

---

[1] On December 28, 2007, the Defendants filed a First Amended Complaint, which provides additional details concerning the fraud alleged in the New York Proceedings.

CADWALADER

The Admiralty and Commercial Registry
15 February 2008

The Present Application

As noted above, the Defendants have filed Acknowledgements of Service in the present action, in each case indicating an intention to contest jurisdiction. The time for bringing such an application expires on 28 February 2008. The Defendants have commenced preparations for such an application, and have not reached a final conclusion on the grounds on which the application will be brought, but clearly the major factor is the existence of prior parallel litigation in another jurisdiction, which litigation was properly brought. This goes to both the substantive point of whether it would be appropriate for the English court to hear the case while the New York Proceedings are on foot, and also the question of whether permission to serve the Claim Form outside the jurisdiction should have been granted.

While this procedural application is not the place to explore the merits of any arguments that the Defendants might bring in relation to jurisdiction, it would appear that the Defendants would have strong grounds for arguing that the English Proceedings should be dismissed or restrained for as long as the New York Proceedings are outstanding. The relief sought in the present action is almost entirely defined by reference to the Complaint – the Claimants seek declarations that the claims raised by the Complaint were settled by the Term Sheet and damages arising out of other alleged breaches of the Term Sheet. Although the New York Proceedings will not come to trial in the near future, they have been continuing for several months and the parties have devoted significant resources to them. In addition, the Witness Statement of the Second Claimant devotes only a single paragraph to the New York Proceedings and does not explain why it is proper to bring proceedings in England while the New York Proceedings are active. Therefore the Defendants will be able to argue that the Claimants' permission to serve the Claim Form outside the jurisdiction ought to be set aside.

CADWALADER

The Admiralty and Commercial Registry
15 February 2008

However, given that a decision on the Motion to Dismiss is imminent, the basis on which the Defendants might be willing or able to bring their challenge may change drastically. Indeed, depending on how the jurisdiction question is addressed in the New York Court, the Defendants' arguments to stay or dismiss the English action may become virtually unanswerable; in this case a significant amount of costs incurred in preparing a challenge on the footing that the New York Proceedings are dismissed might be wasted. On the other hand, an application to contest jurisdiction brought after dismissal of the New York Proceedings would be based on very different grounds to those that apply while they were continuing. Again, there would be a very real risk of substantial wasted costs. In addition, the New York Court may also consider it appropriate to make an order restraining the Claimants from continuing with the present action.

Conclusion

The Defendants' firm view, therefore, is that it is impossible to prepare a proper application to contest jurisdiction, as is their right, while the Motion to Dismiss remains pending, and while the New York Court is considering whether to restrain the Claimants from prosecuting this action. The Defendants' attorneys (both their U.S. attorneys and their English solicitors) invited the Claimants' solicitors to agree to a stay, but this invitation was declined without explanation (see the enclosed correspondence). The Defendants are therefore driven to make this application.

Relief Sought

The Defendants respectfully request that this Honourable Court order:

(1) That the claim be stayed until the date falling 28 days after the New York Court has issued its decision on the Motion to Dismiss, alternatively that the

## CADWALADER

The Admiralty and Commercial Registry
15 February 2008

   time for issuing an application to challenge the jurisdiction of the English court be extended to such date;

(2) That the Claimants pay the Defendants' costs of this application, to be assessed if not agreed.

Please do not hesitate to contact Michelle Duncan or Ian McKim of this firm with any queries.

Yours faithfully

*Cadwalader*

**Cadwalader, Wickersham & Taft LLP**

IPM
Enclosure

cc: Berwin Leighton Paisner

IN THE HIGH COURT OF JUSTICE                     2007 Folio 1566
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BETWEEN

(1) CAVELL USA INC

(2) KENNETH EDWARD RANDALL

Claimants

-and-

(1) SEATON INSURANCE COMPANY

(2) STONEWALL INSURANCE COMPANY

Defendants

## DRAFT ORDER

UPON READING the letter from the Defendants' Solicitors to the Court dated 15 February 2008

AND UPON READING the further documents recorded in the Court File as having been read

**IT IS ORDERED THAT:-**

1. The [proceedings be stayed/time for issue of any application to contest jurisdiction be extended] until the day falling 28 days after the District Court for the Southern District of New York has disposed of the pending Motion to Dismiss the claim between the parties proceeding in that court with index number 07 CV 7032.

2. The Claimants pay the Defendants costs of this application, to be assessed if not agreed.

Dated ____ December 2007

2007 Folio 1566

**IN THE HIGH COURT OF JUSTICE**
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BETWEEN

(1) CAVELL USA INC

(2) KENNETH EDWARD RANDALL

Claimants

-and-

(1) SEATON INSURANCE COMPANY

(2) STONEWALL INSURANCE COMPANY

Defendants

---

**ORDER**

---

Cadwalader, Wickersham & Taft LLP
265 Strand
London
WC2R 1BH

Ref: MD/IPM

Solicitors for the Defendants