# EXHIBIT I

020 7760 1111

Adelaide House London Bridge London EC4R 9HA  tel +44 (0)20 7760 1000  fax +44 (0)20 7760 1111  www.blplaw.com  DX92 London

our ref   JJS/ASIM/22137.12
your ref
ddi      020 7427 1350
e-mail   Andrew.Simpson@blplaw.com

Clerk to The Commercial Court
The Royal Courts of Justice
Strand
London
WC2A 2LL

4 March 2008

Dear Sir

**Cavell USA Inc (1) and Kenneth Edward Randall (2) -v- Seaton Insurance Company (1) and Stonewall Insurance Company (2)**
**2007 Folio 1566**

We act for the Claimants in this matter.

We have this afternoon received from the Defendants' solicitors a copy of the Order of Mr Justice Field dated 4 March 2008 (the "Order").

Based upon reading the Defendants' solicitors' paper application and other documents recorded on the Court file, Mr Justice Field has ordered that the proceedings be stayed until the day falling 28 days after the District Court for the Southern District and New York has disposed of the pending Motion to Dismiss in those proceedings between the same parties.

It appears from the face of the Order that Mr Justice Field may not have seen a copy of our letter dated 19 February 2008 (copy attached) when considering the Defendants' application. In particular, the Order makes no reference to Mr Justice Field having read our letter.

We confirmed in that letter that the Claimants contested the Defendants' application and did not consent to the application being determined on paper without an oral hearing.

We invited the Court to direct that the Defendants' application should not proceed by way of a paper application and that the parties should attend the Listing Office to list the Defendants' application for an oral hearing.

Further, in the event that the Court was minded to direct that the application be dealt with on paper, we reserved the Claimant's rights to respond to the merits of the Defendants' application.

One point we wished to make, on the Claimants behalf, is that we consider that there is a threshold issue which it is proper for the English Court to decide as soon as possible which is distinct from the jurisdictional issue currently raised in the pending Motion to Dismiss before the Southern District Court of New York. That threshold issue is the issue of whether the allegations being made against the Claimants in New York are allegations of "fraud" at all as that term is used in the release contained in clause 13 the Term Sheet. The longer the New York proceedings continue, the more apparent it becomes to us that the allegations being made in that Court are not, in substance, allegations of "fraud" (under English law) against Mr Randall and Cavell.

*berwin leighton paisner

L O N D O N  ·  B R U S S E L S  ·  P A R I S  ·  S I N G A P O R E

Berwin Leighton Paisner LLP is a limited liability partnership registered in England and Wales (registered number OC315919) and is regulated by the Solicitors Regulation Authority. A list of members of Berwin Leighton Paisner LLP and of the non-members who are designated as partners is open to inspection at the above registered office. The term partner is used to refer to a member of Berwin Leighton Paisner LLP or an employee or consultant with equivalent standing and qualifications. The members are either solicitors or registered foreign lawyers.

020 7760 1111

to
date 4 March 2008
page 2

Given that the Claimants contested the application and did not consent to the Court disposing of the application without an oral hearing, we do not consider that the order was appropriately made by a way of a paper application (CPR 23.8 and paragraph F4.1 of the Commercial Court Guide).

In the circumstances, we are currently considering our client's options to have the Order set aside, varied or stayed.

However, before considering the options, we should be grateful if you would confirm whether Mr Justice Field made his order dated 4 March 2008 with the benefit of having (i) reviewed our letter dated 19 February 2008; (ii) in the knowledge that the Claimants contested the application; and (iii) in the knowledge that the Claimants did not consent to the Defendants' application being determined without an oral hearing.

Yours faithfully

*[signature]*

**Berwin Leighton Paisner LLP**
gmm\6225604.1

cc Cadwalader, Wickersham & Taft LLP

*berwin leighton paisner

020 7760 1111
Adelaide House London Bridge London EC4R 9HA tel +44 (0)20 7760 1000 fax +44 (0)20 7760 1111 www.blplaw.com DX92 London

*berwin leighton paisner

our ref   JJS/DJM/22137/12
your ref  2007 Folio 1566
ddi       020 7427 1350
e-mail    Andrew.Simpson@blplaw.com

The Clerk to the Commercial Court
The Royal Courts of Justice
Strand
London
WC2A 2LL

19 February 2008



Dear Sirs

**Cavell USA Inc (1) & Ken Randall (2) v Seaton Insurance Company (1) & Stonewall Insurance Company (2)**
**2007 Folio 1566**

We act for the Claimants in the above proceedings.

We refer to Cadwalader's letter of 15 February 2008 by way of a paper application under the procedures in section F4 of the Commercial Court Guide ("CCG").

We do not consider that it is appropriate for the Court to consider the Defendants' application on paper. We invite the Court to direct the parties to attend the Listing Office to list the Defendants' application for the earliest available hearing date.

**Paper applications**

Paragraph F4.1(a) of the CCG confirms that contested applications are usually best determined at an oral hearing. Further, rule F4.1(c) confirms that only in exceptional cases will the Court dispose of an application without a hearing in the absence of the Respondent's consent.

The Claimants contest the Defendants' application and have not, nor do they, consent to the application being determined on paper without an oral hearing.

We consider that paragraphs F4.1(a) and F4.1(c) of the CCG give clear guidance that this is not an appropriate application for the Court to determine on paper.

**Complex issues**

The application made by the Defendants seeks to stay these proceedings until a determination has been made on a Motion to Dismiss filed by Cavell USA and Ken Randall in the New York proceedings.

The Claimants' claim as set out in the Claim Form in part seeks damages arising out of breaches of a Term Sheet. The Term Sheet contains an express choice of English law and an exclusive jurisdiction clause in favour of the English courts. It is clear on the face of the Defendants' application that its resolution will involve complex issues. The Defendants are effectively trying to obtain an anti-suit injunction against the Claimants by way of an application for a stay of these proceedings in this Court. This application may require evidence from the Claimants' in response to the Defendants' application. An application of this nature should certainly not be dispensed of

Berwin Leighton Paisner LLP is a limited liability partnership registered in England and Wales (registered number OC315919) and is regulated by the Solicitors Regulation Authority. A list of members of Berwin Leighton Paisner LLP and of the non-members who are designated as partners is open to inspection at the above registered office. The term partner is used to refer to a member of Berwin Leighton Paisner LLP or an employee or consultant with equivalent standing and qualifications. The members are either solicitors or registered foreign lawyers.

020 7760 1111

| | |
|---|---|
| to | The Clerk to the Commercial Court |
| date | 19 February 2008 |
| page | 2 |

without the parties having the opportunity to make oral submissions before the Court. Such an application cannot be properly considered by the Court by way of paper application.

It is, in any event, somewhat surprising that this application has been made as nothing substantive has happened since the Claimants obtained leave to serve these proceedings out of the jurisdiction, having given the Court full notice of the New York proceedings and the Claimants' motions filed in that Court.

**Appropriate procedure**

We have considered the Defendants' application with Leading Counsel who has estimated that the Defendants' application will require a hearing of one-half to a full day. This constitutes a "heavy" application in accordance with paragraph F6.1 of the CCG. The appropriate procedure for the disposal of the Defendants' application is, therefore, the procedure set out in section F6 of the CCG.

**Direction from the Court**

Given the above, we invite the Court to direct that the Defendants' application should not proceed by way of paper application.

We consider that the application is a heavy application and request that the Court direct the parties to attend the Listing Office to list the Defendants' application for hearing.

**Response on the merits of the application**

Notwithstanding the above, we reserve our rights to respond to the merits of the Defendants' application should the Court be minded to direct that the application be dealt with on paper.

Yours faithfully

Berwin Leighton Paisner LLP

Enc

cc: Cadwalader, Wickersham & Taft LLP (Ref: MD/IPM/91804/91805/003)

mmw\6042508.1

*berwin leighton paisner