UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEATON INSURANCE COMPANY AND
STONEWALL INSURANCE COMPANY,

    Plaintiffs,

versus

CAVELL USA INC. f/k/a KEN RANDALL
AMERICA, INC. f/k/a EASTGATE, INC. and
KEN RANDALL, individually,

    Defendants.

No. 1:07-CV-07032 (RMB) (KNF)

---

<u>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO
ENJOIN PROSECUTION OF AN ACTION IN THE ENGLISH COURTS</u>

Ira G. Greenberg
Vincent J. Vitkowsky
Robert W. DiUbaldo
EDWARDS ANGELL PALMER &
   DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

295243

TABLE OF CONTENTS

Page

FACTUAL BACKGROUND ................................................................................................ 1

ARGUMENT .......................................................................................................................... 2

    I.     THE MOTION TO ENJOIN IS MOOT ............................................................... 2

    II.    A STRONG PRESUMPTION TOWARDS ALLOWING
          PARALLEL PROCEEDINGS EXISTS IN THIS CIRCUIT ................................ 2

    III.   SEATON AND STONEWALL CANNOT OVERCOME THE
          RESTRICTIVE STANDARD SET FORTH BY THE SECOND
          CIRCUIT TO OBTAIN AN ANTI-SUIT INJUNCTION ...................................... 4

# TABLE OF AUTHORITIES

Page

**Cases**

China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33 (2d Cir. 1987) ....... passim

Ibeto Petrochemical Industries Ltd. v. M/T Beffen, 475 F.3d 56 (2007) ........................ 5, 8

Karaha Bodas Co., L.L.C. v. Perushahaan Pertambangan Minyak Dan Gas Burnis
   Negara, 500 F.3d 111 (2d Cir. 2007) .................................................................. 3, 4, 7

Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909 (D.C. Cir.
   1984) ........................................................................................................................ 6

Paramedica Electromedicina Commercial, Ltda., v. GE Medical Systems Inform.
   Tech. Inc., 369 F.3d 645 (2d Cir. 2004) .................................................................. 4, 5

Plaintiffs Seaton Insurance Company and Stonewall Insurance Company do not come close to meeting the standard in this Circuit for obtaining an anti-suit injunction against defendants Cavell USA Inc. and Kenneth Randall (collectively, "Cavell") that they have asked this Court to issue. Seaton and Stonewall ignore the presumption that in personam actions should generally be allowed to proceed in parallel proceedings, even when identical issues are raised before two different courts, at least until judgment is entered in one of those forums. And, in any event, none of the other factors the Court of Appeals has directed courts to weigh in considering whether to issue such an injunction are present here.

## FACTUAL BACKGROUND

Cavell will not restate the facts regarding the parties' contractual relationships. It notes, however, that Seaton's and Stonewall's motion fails to include any reference to the forum selection clause in section 29 of the Term Sheet, Exhibit 4 to the Complaint, the contract through which the parties agreed to the winding up of their commercial relations. That clause provides, "The Term Sheet shall be governed by and construed in accordance with English law and the parties submit to the exclusive jurisdiction of the English Courts."

Pursuant to the mandatory forum selection clause in the Term Sheet, on November 20, 2007, Cavell commenced an action against Seaton and Stonewall by filing a Claim Form in the English court, which Seaton and Stonewall now seek to enjoin. See Plaintiffs' Motion to Enjoin, Butler Declaration, Ex. B. Cavell initiated the English action because of its belief that, as a matter of law, any dispute between the parties should be adjudicated in the English courts, an issue that has not yet been determined by the

295243

Court. Due to delays occasioned by the agency through which service was effectuated, the Claim Form was not served on Seaton and Stonewall until January 10, 2008.

On February 15, 2008, Seaton and Stonewall moved the English court to stay the proceedings between the parties in that action until 28 days after the determination of Cavell's motion to dismiss that is pending before the Court. By letter dated February 19, 2008, Cavell's U.K. counsel wrote to the English court objecting to the issuance of a stay. On March 4, the English court, apparently not having seen Cavell's February 19th letter, granted Seaton's and Stonewall's application to stay. Butler Declaration, Ex. I. Since then, at the English court's direction, Cavell moved to set aside the stay and its application is now pending before that court.

## ARGUMENT

### I. THE MOTION TO ENJOIN IS MOOT

There is no basis for the Court to grant Seaton's and Stonewall's motion to enjoin at this juncture, as it has been rendered moot by the English court's March 4th Order staying that proceeding until 28 days after the Court's determines Cavell's motion to dismiss. See Butler Declaration, Ex. I. If the Court grant's Cavell's motion to dismiss, the proceedings will ultimately move forward in England. If the Court does not, this issue will presumably be addressed thereafter based on the English court's March 4th Order. The motion to enjoin should be dismissed on this basis alone.

### II. A STRONG PRESUMPTION TOWARDS ALLOWING PARALLEL PROCEEDINGS EXISTS IN THIS CIRCUIT

Even if the stay is lifted in the English action, courts in this Circuit have consistently held for the past twenty years that parallel proceedings involving the same in

personam claim should be allowed to proceed simultaneously, at least until a judgment is rendered in one that constitutes res judicata in the other. China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 36 (2d Cir. 1987) (anti-suit injunctions should be issued "sparingly" and "with great care and restraint"); Karaha Bodas Co., L.L.C. v. Perushahaan Pertambangan Minyak Dan Gas Burnis Negara, 500 F.3d 111, 120 (2d Cir. 2007) (China Trade standard has been applied for twenty years).

Thus, even if Seaton and Stonewall were two meet the two preliminary standards required for an anti-suit injunction, which they do not,[1] they are still not entitled to the relief sought as this Circuit generally refrains from disrupting parallel proceedings in foreign courts involving the same issues and parties, even if it the result is a race to the court house for judgment. China Trade & Dev. Corp., 837 F.2d at 37 (refusing to grant injunctive relief, even where foreign court would determine the same liability issue as that before the Southern District of New York); Karaha Bodas Co., 500 F.3d at 119-20 (anti-suit injunctions may be issued to protect a judgment rendered by a federal court, not merely to restrain a paralegal proceeding in a foreign forum when a judgment has not been entered).

---

[1] A party seeking an anti-suit injunction must meet two preliminary standards before a court will even consider an anti-suit injunction: that the parties are the same in both actions and that the outcome of this case is dispositive of the English action. The second prong of that threshold requirement, that the outcome of this case be dispositive of the English action, is not met. The English action includes, among other things, a breach of contract claim and related issues that a judgment in this action will not necessarily put to rest. See Butler Declaration, Ex. B, ¶ 3 (Cavell's Claim Form). Nonetheless, Cavell does not focus on this issue at length in its brief because Seaton and Stonewall fail to meet the other factors necessary to obtain an anti-suit injunction in any event.

### III. SEATON AND STONEWALL CANNOT OVERCOME THE RESTRICTIVE STANDARD SET FORTH BY THE SECOND CIRCUIT TO OBTAIN AN ANTI-SUIT INJUNCTION

In China Trade, the Second Circuit developed a restrictive standard that remains in effect today through which anti-suit injunctions are rarely issued, and even then only where certain factors are met. Known as the China Trade test, the five-factor test includes a determination of whether the foreign action would (1) frustrate a policy in the enjoining forum, (2) be vexatious, (3) threaten the enjoining court's in rem or quasi in rem jurisdiction, (4) prejudice other equitable considerations, or (5) result in delay, inconvenience, expense, inconsistency, or a race to judgment. 837 F.2d at 36 (recognizing that anti-suit injunctions should be "used sparingly" and granted "only with care and great restraint"). While the existence of these factors is subject to the Court's discretion, the Court of Appeals has admonished that anti-suit injunctions should be "used sparingly" and granted "only with care and great restraint." Id.; Paramedica Electromedicina Commercial, Ltda., v. GE Medical System Inform. Tech. Inc., 369 F.3d 645, 652 (2d Cir. 2004). Seaton and Stonewall fail to establish the existence of any of these factors.

The Court of Appeals has applied "greater significance" to two of the five China Trade factors — protecting the Court's jurisdiction and preventing the evasion of important public policies. 837 F.2d at 36-37; Karaha Bodas, 500 F.3d at 119, 126. Neither of these factors exist. As for the first, the English action is a parallel in personam proceeding, and thus there can be no threat to the Court's in rem or quasi in rem jurisdiction. China Trade & Dev. Corp., 837 F.2d at 37. Cavell initiated the English action not to threaten the jurisdiction of the Court, but rather because they believe (with all due respect to the Court) that they are legally entitled have any dispute with Seaton

-5-

and Stonewall heard before an English court, subject to English law. This is consistent with the position advanced in Cavell's motion to dismiss which, as the Court surely knows, asserts that the forum selection clause in section 29 of the Term Sheet governs the current dispute. Although Cavell's U.K. counsel considered moving for an interim anti-suit injunction in the English court to restrain Seaton and Stonewall from proceeding further in this action until the English court determined the issues before it, Cavell has chosen <u>not</u> to do so.[2] Thus, as was the case in <u>China Trade</u>, there is no threat to the Court's jurisdiction simply because defendants have instituted parallel proceedings involving certain overlapping claims for which judgment has not yet been rendered by the Court. 837 F.2d at 37 (there was no threat to the U.S. court's jurisdiction, even though the same liability issue was before the Korean court, as that court did not prevent the Southern District from exercising jurisdiction); <u>Ibeto Petrochemical Industries Ltd. v. M/T Beffen</u>, 475 F.3d 56, 65 (2007) (there is no threat to jurisdiction when both courts have in personam jurisdiction over the parties to the dispute).

In light of this, much of Seaton's and Stonewall's discussion of case law in connection with the above factor is immaterial, though the Court should disregard the majority of it, as it concerns the law outside the Second Circuit. See Plaintiffs' Motion to Enjoin, at 12-13. For example, aside from <u>China Trade</u>, the lone case from this Circuit relied upon by plaintiffs, <u>Paramedica Electromedicina</u>, 369 F.3d at 654, found that an anti-suit injunction might be necessary to protect a court's jurisdiction once a judgment has actually been rendered, and thus has no application here.

---

[2] A prior witness statement filed by Cavell's U.K. counsel with the English court notes that Cavell intended to move for an interim anti-suit injunction against Seaton and Stonewall. Upon further consideration, however, Cavell has decided to <u>not</u> to make such an application.

Nor is the English action an attempt to frustrate the important public policies of this forum. Two of the "public policies" allegedly threatened by the English action—maintaining New York's status as a commercial epicenter and interest in enforcing statutes governing business practices—have not been relied upon by courts in this Circuit as a bases for issuing an anti-suit injunction. See cases cited in Plaintiffs' Motion to Enjoin, at 14-15. To that end, Seaton and Stonewall have not cited a single authority in their moving papers in which a court issued an anti-suit injunction in order to protect either of these "alleged" public policies. Id. The lone authority cited by Seaton and Stonewall in which an anti-suit injunction was issued, Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909 (D.C. Cir. 1984), was not decided on public policy concerns, but rather on the grounds that the foreign court attempted to interfere with the U.S. court's ability to reach a judgment and sought to assert exclusive jurisdiction over that matter. Id. at 929. Neither of these factors are present here. Further, with respect to public policy considerations, the Laker Airways court noted that the standard for granting anti-suit injunctions based on public policy is a strict one that is "rarely" granted. Id. at 931-32.

Moreover, the English action was initiated by Cavell based on its belief that it is legally entitled to resolve any dispute with Seaton and Stonewall in the English courts, not to evade the laws of any forum. Even if, however, Cavell's motivation to pursue the English action was driven by its desire to take advantage of any favorable substantive or procedural law of that court, such actions would not be improper or meet the criteria for an anti-suit injunction. China Trade & Dev. Corp., 837 F.2d at 36 (to the same effect);

Laker Airways, 731 F.2d at 931, n. 73 (anti-suit injunctions not appropriate to prevent a party from seeking more favorable law or a remedy not available in the domestic forum).

The other matter of public policy allegedly frustrated by the English action—denial of Seaton's and Stonewall's rightful access to U.S. courts—is utter nonsense.[3] Seaton and Stonewall have litigated this matter in this Court for many months and have not been precluded from doing so by commencement of the English action.

A review of the remaining three factors—vexatiousness, prejudice to other equitable considerations, and delay, inconsistency or race to judgment—demonstrates that none are present. The Court of Appeals recognized in China Trade, 837 F.2d at 36, and, more recently, Karaha Bodas Co., 500 F.3d at 126, that because vexatiousness and "race to judgment" will almost always be present whenever two actions are proceeding concurrently, reliance on those factors alone tends to undermine the policy in this Circuit disfavoring anti-suit injunctions and allowing parallel proceedings to continue. Here, the English action does not threaten to undermine any judgment rendered by this Court, the primary vexing alleged by Seaton and Stonewall, but instead runs parallel to this proceeding.[4] Karaha Bodas Co., 500 F.3d at 126 (the authority to restrain a foreign

---

[3] Cavell did not initiate the English action to "penalize" Seaton and Stonewall from seeking nonparty discovery in a prior arbitration proceeding. See Plaintiffs' Motion to Enjoin, at 6, 14. The prior arbitrations referred to in plaintiffs' motion to enjoin occurred between Seaton and Stonewall, on the one hand, and their reinsurer, National Indemnity Company, on the other, and concluded this past summer. Seaton and Stonewall sought nonparty discovery from, among others, Cavell USA and Mr. Randall and petitioned the United States District Court for the District of Connecticut to enforce the subpoenas. As part of the English action, Cavell claims that Seaton and Stonewall breached the Term Sheet by causing the arbitration panels to issue the subpoenas, seeking their enforcement in court, and by filing the complaint in this matter. See Butler Declaration, Ex. B, ¶ 3.

[4] Nor does the institution of the U.K. action itself constitute "vexatiousness." Plaintiffs' Motion to Enjoin, at 14. The purpose of the English action is to enforce Cavell's legal

action based on vexatiousness should usually be exercised only where other China Trade factors are present and there is a need to protect a judgment rendered by the court). The English action was commenced by Cavell not to vex, delay, or otherwise harass plaintiffs, but rather to ensure that this matter proceeds efficiently, since Cavell believes this matter will (and should) ultimately be resolved in that forum. Had Seaton and Stonewall initiated this action in the proper forum in the first place, there would be no concern of the expense of litigating in two forums.

As for equitable factors, they are generally insufficient to overcome the "restraint and caution" required by principles of comity, particularly where, as here, there is no threat to the enjoining forum's jurisdiction and to its public policy. China Trade & Dev. Co., 837 F.2d at 64; Ibeto Petrochemical Indus. Ltd., 475 F.3d at 64. Even so, a weighing of the two equitable factors set forth by Seaton and Stonewall does not justify an anti-suit injunction. First, as discussed in detail above, the English action in no way prevents Seaton and Stonewall from enforcing their legal rights in this Court. Moreover, Cavell has not engaged in "forum shopping," but rather seeks to enforce a mandatory forum selection clause contained in a contract entered into by the parties. The Circuit's decision in Ibeto Petrochemical Indus. Ltd., 475 F.3d at 64, the lone authority cited by Seaton and Stonewall to support this prong of their argument, rested primarily upon the strong federal policy to enforce agreements to arbitrate, totally absent here, and not merely the equitable consideration of forum shopping suggested. Id.

Thus, Seaton and Stonewall fail to meet any of the factors courts in this Circuit weigh in considering whether to issue an anti-suit injunction. If the Court finds that the

---

rights under a contract entered into with Seaton and Stonewall (the Term Sheet), not penalize or prevent them for proceeding in this action, which is remains ongoing.

motion to enjoin is not moot, it should deny it because Seaton and Stonewall cannot overcome this Circuit's strong presumption favoring the allowance of in personam parallel proceedings to proceed until judgment is rendered by one of those forums.

Dated:   New York, New York
         March 18, 2008

Respectfully submitted,

*/s/ Vincent J. Vitkowsky*

Ira G. Greenberg
Vincent J. Vitkowsky
Robert W. DiUbaldo
EDWARDS ANGELL PALMER
   & DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

## CERTIFICATE OF SERVICE

A hereby certify that on this 18th day of March 2008, I caused a copy of defendants' memorandum in opposition to plaintiffs' motion to enjoin prosecution of an action in the English courts to be sent by electronic mail and federal express to the following:

Elizabeth Butler, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Shawn L. Kelly, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962

_____
Robert W. DiUbaldo

296205