# CADWALADER



Cadwalader, Wickersham & Taft LLP
New York  London  Charlotte  Washington  Beijing

One World Financial Center, New York, NY 10281
Tel 212 504 6000  Fax 212 504 6666
www.cadwalader.com

May 6, 2008

**BY HAND**

Honorable Richard M. Berman
United States District Judge
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 650
New York, NY 10007-1312

**MEMO ENDORSED**

p3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/08

Re:   *Seaton Insurance Co., et ano. v. Cavell USA, Inc., et al.*
       Case No. 1:07-CV-7032 (RMB) (KNF)

Dear Judge Berman:

We represent plaintiffs Seaton Insurance Company and Stonewall Insurance Company (collectively, "plaintiffs") in the above-captioned action which plaintiffs commenced in August of 2007 seeking recovery of millions of dollars in damages they incurred as a result of Cavell USA Inc.'s and Ken Randall's (collectively, "defendants") fraudulently inducing them into certain Administration Agreements (the "New York Action"). Defendants sought to dismiss plaintiffs' action in October 2007 asserting, among other things, that venue was improper and that this Court lacked subject matter jurisdiction because the parties had entered into a settlement contract (the "Term Sheet") which, according to defendants, confers exclusive jurisdiction over any disputes between the parties upon the courts in the United Kingdom. At considerable expense, including the submission by both parties of expert opinions on the relevant law of the UK, the motion was fully briefed by January 11, 2008.

Notwithstanding defendants' motion to dismiss, the Court ordered the parties to proceed with discovery. Again, at considerable expense, the parties have completed fact discovery including the exchange of some 360,000 pages of documents, and the taking between them of 10 depositions, including both party and non-party witnesses. Expert discovery is well underway. Plaintiffs have produced their expert's report. Defendants' report is due May 12 and expert depositions are to be completed by May 27, 2008.

As is more fully set forth in plaintiffs' memoranda in support of their motion for an anti-suit injunction, unbeknownst to plaintiffs, one month after defendants sought to dismiss

# C A D W A L A D E R

Honorable Richard M. Berman
May 6, 2008

plaintiffs' New York Action, defendants commenced an action in the United Kingdom, seeking resolution of essentially the same claims that are before the Court (the "UK Action"). Notice of the UK Action was served on plaintiffs on January 10, 2008, one day before the briefing was completed on defendants' motion to dismiss. After obtaining permission from the Court, plaintiffs moved to enjoin defendants from prosecuting in the UK, the same claims as those in the New York Action. Plaintiffs' motion for an anti-suit injunction has been fully briefed since March 25, 2008.

We write to update the Court on an important development in the UK Action since the briefing on plaintiffs' anti-suit injunction was completed and in response to defendants' counsel's May 1, 2008 letter to the Court which we received yesterday. At the time plaintiffs moved for the injunction, we advised the court that a judge in the UK had stayed the UK Action until 28 days after this Court issued its decision on defendants' motion to dismiss. Defendants appealed that decision and persuaded another judge in the UK to lift the stay and order plaintiffs to file any application seeking to oppose jurisdiction in the UK by April 25, 2008. Plaintiffs' application to contest jurisdiction has been listed for argument in the UK on May 23, 2008.

Plaintiffs have asserted claims of fraud in this action but not in the UK proceeding. However, the effect of the UK Action commenced by defendants is to ask the UK Court to rule on an issue - - the facial validity of the fraud claims - - that is not before that court but is before this one. We believe that defendants' forum shopping is wholly inappropriate. We would hope that the UK Court would decline the invitation to rule on an issue not before it, and would instead defer to this Court, which has had jurisdiction over these parties and these issues for many, many months before Defendants commenced the UK Action.

In their letter of May 1, 2008, defendants' counsel asserts that the UK Court has stated that neither it nor the defendants will be bound by any judgment of this Court. No such statement, or anything like it, appears in the order issued by the UK court. In the written record of its reasoning for making the order of April 11, the UK Court did refer to the ambit of a UK statute and the circumstances which influence the UK Court's recognition of non-UK judgments. The potential application of those circumstances is, of course, the subject matter of imminent or pending proceedings before the UK Court and this Court. As such, the precise effect of the UK statute on the parties is at this time unknown, which the UK Court recognised. We can state with complete confidence, however, that the defendants in this action, one of whom is a US company, and over both of whom this Court has, and for quite some time has had, personal jurisdiction, are completely bound by any judgments issued by this Court, as this Court surely knows. The fact that

# CADWALADER

Honorable Richard M. Berman
May 6, 2008

defendants apparently claim not to be bound by this Court's rulings is distressing and, we respectfully suggest, requires this Court's immediate attention.

Accordingly, plaintiffs request a conference with the Court at its earliest convenience to discuss the situation and the way forward in the light of the developments in the UK.

Respectfully submitted,

William M. Popalisky

cc: Vincent J. Vitkowsky, Esq. – By Facsimile and Email
Ira G. Greenberg, Esq. – By Facsimile and Email
Robert W. DiUbaldo, Esq. - By Facsimile and Email
Shawn L. Kelly, Esq. - By Facsimile and Email
John R. Vales, Esq. – By Facsimile and Email

> The motions in this case -- as counsel point out -- are sub judicea. In that context, "discussing the situation" + "the way forward" with counsel is not high on the Court's to do list and would seem unnecessarily to add to the litigants' considerable expense.
>
> SO ORDERED:
> Date: 5/7/08
> Richard M. Berman, U.S.D.J.