UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEATON INSURANCE COMPANY and STONEWALL INSURANCE COMPANY,<br><br>                              Plaintiffs,<br>vs.<br><br>CAVELL USA INC. f/k/a KEN RANDALL AMERICA, INC. f/k/a EASTGATE, INC. and KEN RANDALL, individually,<br><br>                              Defendants. | Case No. 1:07-CV-07032 (RMB) (KNF)<br><br>Honorable Richard M. Berman, U.S.D.J.<br><br>**NOTICE OF APPEAL** |

MAY 22 2008

       NOTICE is hereby given that Seaton Insurance Company and Stonewall Insurance Company, plaintiffs in the above-named case ("Plaintiffs"), by and through their undersigned counsel, hereby appeal to the United States Court of Appeals for the Second Circuit from the Order of the United States District Court for the Southern District of New York (Richard M. Berman, U.S.D.J.), dated May 14, 2008, granting defendants Cavell USA Inc. f/k/a Ken Randall America, Inc. f/k/a Eastgate, Inc.'s and Ken Randall's ("Defendants") motion to dismiss and denying Plaintiff's motion for an anti-suit injunction as moot ("Order"). A copy of the Order is attached hereto at Exhibit A.

       Pursuant to Local Rule 83.8, the parties to the judgment are plaintiffs Seaton Insurance Company and Stonewall Insurance Company and defendants Cavell

USA Inc. f/k/a Ken Randall America, Inc. f/k/a Eastgate, Inc. and Ken Randall, individually. Counsel for the parties are as follows:

> Counsel for plaintiffs Seaton Insurance Company and Stonewall Insurance Company:
>
> > John R. Vales (JV-4307)
> > RIKER, DANZIG, SCHERER,
> >   HYLAND & PERRETTI LLP
> > 500 Fifth Avenue
> > Suite 4920
> > New York, New York 10110
>
> Counsel for defendants Cavell USA Inc. f/k/a Ken Randall America, Inc. f/k/a Eastgate, Inc. and Ken Randall, individually:
>
> > Vincent J. Vitkowsky (VV-0210)
> > EDWARDS ANGELL PALMER &
> >   DODGE LLP
> > 750 Lexington Avenue
> > New York, New York 10022

Dated: May 21, 2008
        New York, New York

>                   Respectfully submitted,
>
>                   RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
>
>                   By: _____/s/ John R. Vales_____
>                          John R. Vales (JV-4307)
>
>                   500 Fifth Avenue
>                   Suite 4920
>                   New York, New York 10110
>                   (212) 302-6574
>
>                   Attorneys for Plaintiffs, Seaton Insurance Company and Stonewall Insurance Company

3859059.1

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEATON INSURANCE COMPANY and
STONEWALL INSURANCE COMPANY,

                Plaintiffs,

      -against-

CAVELL USA, INC. f/k/a KEN RANDALL
AMERICA, INC. f/k/a EASTGAGTE, INC. and
KEN RANDALL, individually,

                Defendants.
------------------------------------------------------------X



07 Civ. 7032 (RMB)

**ORDER**

I.    Background

On or about January 2, 2008, Seaton Insurance Company and Stonewall Insurance Company ("Plaintiffs") filed an amended complaint ("Complaint") against Cavell USA, Inc. f/k/a/ Ken Randall America, Inc. f/k/a Eastgate, Inc., and Ken Randall (collectively, "Defendants") accusing Defendants of fraudulent misconduct "in connection with the negotiation, amendment, and operation" of so-called run-off service agreements with Plaintiffs. (Compl. ¶ 1.) Before commencing this action, Plaintiffs state that they terminated Defendants' services by "Term Sheet" providing for "the orderly termination of the contractual and other commercial relationships" between the parties; "releas[ing] certain claims by [Plaintiffs] against [Defendants]"; and "expressly preserv[ing] [Plaintiffs'] right to pursue claims sounding in fraud." (Compl. ¶¶ 63–65.) Among other things, the Term Sheet provides that: "[t]his Term Sheet shall be governed by and construed in accordance with English law and the parties submit to the exclusive jurisdiction of the English Courts." (Term Sheet ¶ 29.)

1

On or about October 19, 2007, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), 12(b)(3), and 12(b)(6) arguing, among other things, that "the forum selection clause in the Term Sheet contains express language mandating that England is the exclusive forum for any and all disputes arising from the parties' contractual relationships." (Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs. Mem.") at 5.) Defendants also argue that the Complaint should be dismissed on the merits. See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 127 S. Ct. 1184, 1186 (2007).

On or about November 21, 2007, Plaintiffs filed an opposition brief ("Opposition") arguing, among other things, that "the forum selection clause in the Term Sheet is narrow and does not encompass fraud claims." (Opp. at 12.) On or about January 4, 2008, Defendants filed a reply brief ("Reply"). On or about January 11, 2008, Plaintiffs filed a sur-reply brief ("Sur-Reply"). The parties waived oral argument.[1]

For the reasons stated below, Defendants' motion to dismiss is granted and Plaintiffs' motion for an anti-suit injunction is denied as moot.

II.   Legal Standard

A court should "enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir. 1990). "In deciding a motion to dismiss based on a forum selection clause," "[t]he plaintiff bears the burden of overcoming a presumption of the forum selection clause's enforceability." Nippon Express U.S.A. v. M/V

---

[1]   While the motion to dismiss was pending before this Court, Defendants commenced an action, on or about November 20, 2007, in the English High Court of Justice. (See Ltr. from Lawrence Brandes to the Hon. Richard M. Berman, dated Jan. 29, 2008, at 1.) On or about March 4, 2008, Plaintiffs filed a motion to enjoin Defendants from prosecuting their claims in the High Court. That motion was fully briefed on March 25, 2008 and is sub judice.

2

Chang Jiang Bridge, No. 06 Civ. 694, 2007 WL 4457033, at *3 (S.D.N.Y. Dec. 13, 2007).

III.  Analysis

Defendants argue, among other things, that "the operative [choice of law and forum] language of the Term Sheet is as expansive as can be imagined, as the types of disputes that it covers are not limited by subject matter"; and "[i]t would be completely reasonable to conclude that the parties wished to adopt a single body of law and designate a single forum to deal with any disputes among them going forward." (Defs. Mem. at 6; Reply at 2–3.) Defendants also contend that "the Term Sheet provides for a release in favor of [Defendants], from which are excepted 'fraud' claims"; and "[a]ny such fraud claim, such as the one purportedly made in this case, will necessarily involve the construction of the term 'fraud' in the release's exception." (Defs. Mem. at 6; Reply at 2–3.)

Plaintiffs counter, among other things, that "the forum selection clause in the Term Sheet is a narrow provision that applies solely to claims for breach of the Term Sheet"; "Plaintiffs are not seeking redress for breach of any contract but rather for Defendants' tortious conduct"; and the Term Sheet "has no application to other claims, including Plaintiff's fraud claims, which arise entirely from conduct that occurred long before the Term Sheet was drafted." (Opp. at 11, 13–15.)

In evaluating whether to enforce a forum selection clause, the Court must evaluate (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether "the clause [is] mandatory or permissive"; (3) "whether the claims and parties involved in the suit are subject to the forum selection clause"; and (4) "whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that

3

'enforcement would be unreasonable or unjust.'" Phillips v. Audio Active Ltd., 494 F.3d 378, 383–84 (2d Cir. 2007).

The upshot of this analysis is that the appropriate fora are the English Courts. First, the parties do not dispute that the clause was reasonably communicated to Plaintiffs. See id. at 386. Second, the "plain language" of the forum selection clause is mandatory ("shall", "exclusive"); it "establishes England as an obligatory venue" and "confers exclusive jurisdiction" on the English Courts. Id.; Direct TV Group, Inc. v. Darlene Investments, LLC, No. 05 Civ. 5819, 2006 WL 2773024, at *7 (S.D.N.Y. Sept. 27, 2006). Third, Plaintiffs' alleged fraud claim stems from the parties' contractual relationship. See Korean Press Agency, Inc. v. Yonhap News Agency, 421 F. Supp. 2d 775, 781 (S.D.N.Y. 2006). As here, "the tort claims 'ultimately depend on the existence of a contractual relationship' between the parties." Id.; see Int'l Equity Invs., Inc. v. Opportunity Equity Partners, 475 F. Supp. 2d 450, 454 (S.D.N.Y. 2007); see also Defs. Mem. of Law, dated Mar. 4, 2008, at 10. The tort claims alleged in this action "ultimately hinge on rights and duties" set forth in the Term Sheet, which, as noted, contains the forum selection clause designating the English High Courts. See Direct Mail Production Services Ltd. v. MBNA Corp., No. 99 Civ. 10550, 2000 WL 1277597, at *5 (S.D.N.Y. Sept. 7, 2000). Fourth, Plaintiffs do not allege that "enforcement [of the forum selection clause] would be unreasonable or unjust." See Phillips, 494 F.3d at 383–84.

Plaintiffs have not rebutted the presumption of enforceability of the forum selection clause contained in the Term Sheet and Defendants' motion to dismiss is granted.[2] See id.

---

[2] Plaintiffs' motion for an anti-suit injunction is denied as moot because, upon dismissal, there is no longer "concurrent jurisdiction in two courts" or "parallel proceedings." See China Trade and Development Corp. v. M.V. Choong Yong, 837 F.2d 33, 36 (2d Cir. 1987).

IV. Conclusion and Order

For the reasons stated herein, Defendants' motion to dismiss [#13] is granted and Plaintiffs' motion for an anti-suit injunction [#46] is denied as moot. The Clerk is respectfully requested to close the case.

Dated: New York, New York
       May 14, 2008

_____
RICHARD M. BERMAN, U.S.D.J.